REINHARDT, Circuit Judge,
additional dissent from the denial of rehearing en banc:
Chief Judge Kozinski finds it “very persuasive” that two circuits have approved the use of the three-drug protocol that Arizona adopted less than twenty-four hours before the scheduled execution. Again, I find it necessary to express my disagreement.
Conflicts among circuits are common. Indeed, one of the principal reasons for the Supreme Court to hear cases is to resolve the numerous conflicts among circuits. See Sup.Ct. R. 10. That other circuits have taken a position on a constitutional question does not relieve us of the responsibility to make a full and independent judgment ourselves. This is the Ninth Circuit, not the Tenth or Eleventh, and our views sometimes differ from those of other circuits. See, e.g., United States v. Gaudin, 28 F.3d 943 (9th Cir.1994) (en banc), affirmed, 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995); id. at 955 (Kozinski, J., dissenting) (observing, prior to the affirmance of our decision by the Supreme Court, that “[e]very other circuit to have considered” the question presented has disagreed with the Ninth Circuit).
This is a death penalty, not a slip-and-fall case. We have no greater duty than to decide such cases fairly and properly. Constitutional challenges often turn on their facts. We will never know whether with more time Beaty could have successfully pleaded sufficient facts to satisfy the district court or the three judges of this court to whom the case was assigned that a stay was warranted.
When the State has created a constitutional issue by changing the method of execution only eighteen hours before that ultimate and irreversible act is to take place, we must permit the person to be executed adequate time to prepare his challenge. That did not happen here. As a result, Beaty was deprived of due process, and we as a court were compelled to fall back on inadequate arguments such as those advanced by Chief Judge Kozinski, *1077 rather than to make a fully informed and independent decision of our own.